PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ANTOLÍN SANTINI ET AL., Defendants and Appellants.

No. 5278. Argued May 8, 1934.—Decided May 24, 1934.

*Felipe Colón Díaz* for appellants. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Antolín Santini, Anastacio Santiago, and Félix Martínez having been found guilty of an attempt to commit petit larceny by the District Court of Ponce, each was sentenced to pay a fine of $5 and, in default of such payment, to be confined in jail one day for each dollar left unpaid.

The accusation alleges that these men, wilfully and maliciously and with criminal intent, took four packages of kindling wood, valued at $0.80, owned by José Larrauri, for the purpose of appropriating them for their own use and depriving its owner of the said kindling wood, which they left upon being discovered.

The only error attributed to the lower court is that it found the defendants guilty of the crime of attempting to commit petit larceny, when the same does not exist in our Penal Code or in any other law of Puerto Rico. This is the only question raised by the defendants: the nonexistence of the crime for which they have been sentenced.

Section 50 of our Penal Code reads as follows:

"Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows:

"1. If the offense so attempted is punishable by imprisonment in the penitentiary for five years, or more, or by imprisonment in jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted.

"2. If the offense so attempted is punishable by imprisonment in the penitentiary for any term less than five years, the person guilty of such attempt is punishable by imprisonment in jail for not more than one year.

"3. If the offense so attempted is punishable by a fine, the offender convicted of such attempt is punishable by a fine not exceeding one-half the largest fine which may be imposed upon a conviction of the offense so attempted.

"4. If the offense so attempted is punishable by imprisonment and by a fine, the offender convicted of such attempt may be punished

by imprisonment and a fine not to exceed one-half the maximum imprisonment and fine which may be imposed upon a conviction for the offense so attempted.

"Attempts included in sections 217, 218, 222, and 224 are not included in this section."

The *Fiscal* says that the crime of petit larceny, which is punishable by a fine or imprisonment, or both, is not included in the section previously transcribed; but that the omission is cured by applying sections 16 and 17 of the same Penal Code. The *Fiscal* considers that subdivision 4 of the above-quoted section refers only to crimes which are punishable by fine and imprisonment and not to those which are punishable by imprisonment or a fine. To our mind the said subdivision covers the attempt to commit petit larceny, which may be punished by the penalty which is determined therein. Subdivision 1 of the said section refers to attempted crimes which are punishable by imprisonment in the penitentiary or in jail, for five years or more; subdivision 2, to those punishable by imprisonment in the penitentiary for a term less than five years; subdivision 3, to those punishable by a fine only; and subdivision 4, to those punishable by imprisonment and a fine.

Section 431 of the Penal Code provides that petit larceny is punishable by fine not exceeding $500 or by imprisonment, in jail not exceeding one year, or both at the discretion of the court. It is clearly seen that, although the court has power to impose a fine or imprisonment, it may also impose both, and therefore the crime is "punishable by imprisonment and by a fine", although the imposition of both depends upon the discretion of the court.

For these reasons we are of the opinion that the attempt to commit petit larceny is an offense which is embraced within the provisions of subdivision 4 of section 50 of the Penal Code, wherein the punishment which may be imposed for the commission of said offense is determined.

The judgment appealed from must be affirmed.